IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SENTIA J. JONES, ) | |
| # 180499, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 1:09cv302-TMH |
| ) | (WO) |
| EDWARD ELLINGTON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed on April 6, 2009, by state inmate Sentia J. Jones ("Jones").[1] By her petition, Jones challenges the sentence for cocaine possession entered against her in 2005 by the Circuit Court of Houston County, Alabama. The respondents have filed an answer (Doc. No. 8) in which they argue, among other things, that Jones's federal habeas petition is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2]

---

[1] The petition was date-stamped "received" in this court on April 8, 2009; however, it was signed by Jones on April 6, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Graham] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

### A. *Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The records before the court reflect that on April 11, 2005, in Houston County Circuit Court Case No. CC-2003-115, Jones was convicted of unlawful possession of cocaine. She

was sentenced on that same date to 15 years in prison. The sentence was split, with 13 years suspended, and Jones was ordered to serve 2 years in confinement. On December 14, 2005, after Jones was convicted of a second cocaine-possession offense, her split sentence in Case No. CC-2003-115 was revoked, and she was resentenced to 15 years' imprisonment.

Jones argues that at the time of her December 14, 2005, resentencing, the trial court incorrectly failed to credit against the sentence all time she spent in jail, out on bond pending trial, and in community corrections. Jones took no appeal from the resentencing. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run 42 days later – on January 25, 2006 – and ran uninterrupted until it expired on January 25, 2007. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Therefore, under the circumstances of this case, it appears that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Jones filed the instant habeas petition under § 2254.

Accordingly, it is

ORDERED that on or before May 29, 2009, Jones shall show cause why her federal habeas petition should not be dismissed as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

### B.   *Exhaustion of Claims in State Courts*

The respondents also argue that even if Jones's habeas petition is not time-barred, Jones has failed to exhaust her claims in the state courts. Under Alabama law, a petition for writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated time an inmate must serve in prison. *Day v. State*, 879 So.2d

3

1206, 1207 (Ala. Crim. App. 2003); *see also Perkins v. State*, No. CR-06-1121, 2007 WL 3226810 at *1 (Ala. Crim. App. Nov. 2, 2007. Federal law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings in this case, it appears that Jones has not exhausted her claims in the state courts. This court does not deem it appropriate to rule on the merits of claims without first requiring that a petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

Accordingly, it is

ORDERED that on or before May 29, 2009, Petitioner shall show cause why her petition should not be dismissed for failure to exhaust state court remedies.

### C.     *"In Custody" Requirement*

The respondents note that Jones appears also to challenge her conviction and sentence in Houston County Circuit Court Case No. CC-2005-631. However, the respondents contend that Jones has completed her sentence in that case and thus cannot challenge the conviction and sentence.

A petitioner cannot challenge a conviction for which he is not "in custody." "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a)." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). It appears from the records before this court that

Jones has completed her sentence in Houston County Circuit Court Case No. CC-2005-631. It thus appears that to the extent Jones challenge her conviction and sentence in that case, her habeas petition is due to be dismissed for lack of subject-matter jurisdiction.

Accordingly, it is

ORDERED that on or before May 29, 2009, Jones shall show cause why her petition should not be dismissed to the extent she challenges her conviction and sentence in Houston County Circuit Court Case No. CC-2005-631, as she does not satisfy the "in custody" requirement necessary to allow a federal habeas attack in that matter.

Done this 12th day of May, 2009.

/s/Susan Russ Walker.
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE