IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SENTIA J. JONES, | ) | |
| # 180499, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 1:09cv302-TMH |
| | ) | (WO) |
| EDWARD ELLINGTON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2254 filed on April 6, 2009, by state inmate Sentia J. Jones ("Jones"). (Doc. No. 1.) Jones challenges matters related to a sentence for unlawful possession of cocaine entered against her in 2005, in Case No. CC-2003-115, by the Circuit Court for Houston County, Alabama. She asserts that she is entitled to credit against her sentence for time spent on bond prior to trial, for time spent in jail, and for time served in a community corrections program. The respondents have filed an answer (Doc. No. 8) in which they argue (1) that Jones has not exhausted her available state court remedies for each of her claims; (2) that to the extent Jones challenges the validity of her conviction and sentence in Case No. CC-2003-115, her federal petition is time-barred; and (3) that to the extent Jones appears also to challenge a sentence on another state conviction (Houston County Circuit Court Case No. CC-2005-631), she is not entitled to habeas relief, as she completed her sentence in that case before filing

her petition and therefore does not satisfy the "in custody" requirement as to this conviction. Jones was allowed an opportunity to reply to the respondents' answer, but failed to do so.

## DISCUSSION

Jones's petition is not a model of clarity. However, upon consideration of her allegations, this court is convinced that all of her claims for relief relate to her contention that she is entitled to credit against her sentence in Case No. CC-2003-115 for time spent on bond, in jail, and in community correction. However, Jones has not exhausted these claims in the state courts.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Under Alabama law, a petition for a writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. *Day v. State*, 879 So.2d 1206, 1207 (Ala. Crim. App. 2003); *see also Perkins v. State*, No. CR-06-1121, 2007 WL 3226810 at *1 (Ala. Crim. App. Nov. 2, 2007).  The materials before this court indicate that Jones has not filed a petition for a writ of habeas corpus in state court seeking the relief she requests in her federal habeas petition. Thus, she has not exhausted her available state court remedies with respect to all claims  in her federal petition.

This court does not deem it appropriate to rule on the merits of Jones's claims without first requiring that she exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Jones can pursue her available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Jones an opportunity to exhaust all state court remedies available to her.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 2, 2009.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 19th day of June, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE